UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DOMINGO PEDRO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No.  1:26-cv-04268-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 4, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On June 5, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)

On June 7, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.)  In that opposition, respondent states that this case is distinguishable from those cited in the court's prior order (Doc. No. 5) because petitioner entered as an unaccompanied minor and accordingly was subject to the detention framework set out in 8 U.S.C. § 1232 rather

1

than §§ 1225, 1226(a).  (Doc. No. 6 at 1–2.)  Nevertheless, respondent argues that petitioner is now an adult subject to detention pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent states that it does not oppose the court resolving the merits of this petition on the current briefing before the court.  (Doc. No. 6 at 2.)

Based upon a review of the briefing, the court finds the following facts.  On July 25, 2013, petitioner entered the United States as an unaccompanied minor.  (Doc. No. 1 at 4.)  Respondent concedes that petitioner previously encountered immigration authorities and that, in accordance with 8 U.S.C. § 1232, the Office of Refugee Resettlement ("ORR") released petitioner.  (Doc. No. 6 at 3–4.)  On March 8, 2026, petitioner was stopped during a traffic stop, arrested, and was charged with driving under the influence which charge is currently pending in Florida state court.  (Doc. No. 1 at 4.)  Shortly thereafter, petitioner encountered immigration authorities and was re-detained by those authorities.  (*Id.*)

Because petitioner entered this country as an unaccompanied minor, he cannot be detained pursuant to 8 U.S.C. § 1225(b) but only pursuant to 8 U.S.C. § 1232.  *Cornejo v. Andrews*, — F. Supp. 3d —, 2026 WL 237748, at *7 (E.D. Cal. Jan. 29, 2026) (explaining that the petitioner who entered as an unaccompanied minor and was classified as such could not have his status reassessed and accordingly could not be detained pursuant to § 1225(b)(2)(A)); *see also P.A.H.E. v. Noem*, No. 1:26-cv-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026) (same).  Other district courts have concluded that prior release by the ORR creates a protected liberty interest in continued release, that it necessarily required the ORR to determine that the released person did not pose a danger or a flight risk, and accordingly that due process required a pre-deprivation hearing prior to any re-detention.  *Cornejo*, 2026 WL 237748, at *8–10; *see also P.A.H.E.*, 2026 WL 451662, at *2–3.  The court finds this reasoning to be persuasive and adopts it here.  Accordingly, the court concludes that because petitioner was previously released pursuant to 8 U.S.C. § 1232, he was entitled to a pre-deprivation hearing prior to any re-detention and immediate release is the appropriate remedy.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Francisco Domingo Pedro, A-File No. 206-527-164, from respondent's custody on the conditions, if any, he was subject to prior to his detention on March 8, 2026;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**                    _____
                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE

3